## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **VIVIAN FORTINI** | * | **CASE NO.  PWG-12-0309** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **ADVANCE STORES COMPANY, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and applicable case law, Plaintiff VIVIAN FORTINI, hereby responds to Defendant, Advance Stores Company, Inc.'s, Motion For Summary Judgment and respectfully requests that the Defendant's Motion be denied.

The grounds for the Plaintiff's response are contained in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment filed herewith and incorporated herein by reference.

Respectfully submitted this 26th day of October 2012.

_____
Ronald S. Kowitz No. 09836
Law Office of Ronald S. Kowitz
44 Westminster Road
Reisterstown, MD  21136
Telephone:  (410) 526-0050
Facsimile:  (410) 526-1445
Email:  rkowitz@aol.com
Attorney for Plaintiff, Vivian Fortini

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

VIVIAN FORTINI          *     CASE NO.  PWG-12-0309

           Plaintiff,      *

v.                   *

ADVANCE STORES COMPANY, INC.,    *

           Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO:    DEFENDANT ADVANCE STORES COMPANY, INC., AND ITS COUNSEL OF RECORD, AND TO THIS HONORABLE COURT

COMES NOW the Plaintiff, Vivian Fortini, by counsel, and respectfully states as follows:

## STATEMENT OF FACTS

The plaintiff, Vivian Fortini ("Plaintiff"), was injured in a slip-and-fall accident that occurred on March 6, 2011 at defendant's Advance Auto Store in Reisterstown, Maryland.  The accident occurred at approximately 1:30 p.m.  (Pl.'s Dep. 39:18-22.)[1]  The weather earlier in the

---

[1]References to Plaintiff's deposition refer to the deposition previously filed as "Ex. MSJ-3, V. Fortini Depo." with Defendant's motion for summary judgment.  References to photographs refer to exhibits that were also included with such previously filed deposition.

day had alternated between rain and drizzling, and it was drizzling at the time of the accident. (Pl.'s Dep. 41:9-11.) Plaintiff was wearing rubber shoes at the time. (Pl.'s Dep. 43:12-13.)

The accident occurred as Plaintiff attempted to enter the store. A few people were already inside the store before Plaintiff arrived, but no one was walking in front of her at the time. (Pl.'s Dep. 44:19-21, 45:3-4.) Photographs that show the store's front entrance, where Plaintiff fell, do not depict any other entrance that would have been available for customers to enter the store. (Pl.'s Dep. 49:14-25; Exs. 1, 2.) A rug was on the floor, just inside of the entrance doors. (Pl.'s Dep. 51:14-22, 51:14-22.) In order to enter the store, Plaintiff had to push the door inward. (Pl.'s Dep. 45:8-20.) The rug was crumpled or curled up, and was so close to the door that there was resistance when Plaintiff attempted to open the door to enter. (Pl.'s Dep. 45:22-25.) She testified that the door "had stopped on me and came back at me . . . [s]o I pushed it a little harder to get in." (Pl.'s Dep. 45:24-25.)

As she began to step inside, she saw water on one side of the rug, but not on the other side. (Pl.'s Dep. 53:19-25, 54:1-15, 56:14-23.) In order to avoid walking in the area where she saw water, Plaintiff stepped over the crumpled part of the rug, onto the flat part. (Pl.'s Dep. 53:16-17, 55:3-11, 56:2-9.) She did not think there was any water in the area where she stepped. (Pl.'s Dep. 53:19-23.) Just as she stepped off the flat part of the rug, she slipped on water that she had not previously seen. (Pl.'s Dep. 53:19-23, 54:1-9, 55:18-21.) Plaintiff testified that the water she had seen inside the store entrance was there "[b]ecause it was raining that day." (Pl.'s Dep. 54:12-15.) It was only after she fell that she felt water in the area where she had stepped,

which she had thought was not wet.  (Pl.'s Dep. 56:10-23.)  She had not seen water there prior to falling.  (Pl.'s Dep. 56:10-23.)

**ARGUMENT**

Summary judgment cannot properly be granted in this case,[2] because material issues of fact exist as to (1) Defendant's notice of a hazard, (2) whether the hazard was open and obvious, (3) whether Plaintiff assumed the risk, and (4) whether Plaintiff was contributorily negligent.

**I.      A JURY QUESTION EXISTS AS TO DEFENDANT'S NOTICE OF A HAZARD.**

A plaintiff is not required to prove actual or constructive notice of a dangerous condition if the condition was created by the defendant.  *Chamberlain v. Denny's, Inc.*, 166 F. Supp. 2d 1064, 1069 (D. Md. 2001).   In this case, a reasonable inference from the evidence is that Defendant's employees placed the rug too close to the front doors, so that the rug would be in a position to become crumpled when the door was opened.  Therefore, it the jury finds that the crumpled condition of the rug was a proximate cause of Plaintiff's fall,[3] Plaintiff is not required

---

[2]Defendant correctly states the legal standard for summary judgment, except that it does not mention that "facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion."  *Chamberlain v. Denny's, Inc.*, 166 F. Supp. 2d 1064, 1068 (D. Md. 2001).

[3]An injury may have more than one proximate cause.  *Young v. United States*, 667 F. Supp. 2d 554, 561 (D. Md. 2009).

to show how long the rug was crumpled.  A jury could find that the rug was too thick or was otherwise poorly constructed for placement close to a door that opens inwardly.

In the alternative, a jury could find that Defendant failed to conduct a proper timely inspection of the rug and its location and of water in its vicinity.  In the *Chamberlain* case, the court observed:

> Storekeepers owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition. *Moulden v. Greenbelt Consumer Serv.*, 239 Md. 229, 232, 210 A.2d 724 (1965). The customer is entitled to assume that the storekeeper will exercise reasonable care to ascertain the condition of the premises, and, if he discovers any unsafe condition, he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition. *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117-18, 113 A.2d 405 (1955). The duties of a storekeeper thus include the obligation to warn customers of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers.

*Id.* at 1068.

Even if Plaintiff must prove constructive notice in the present case, it is a reasonable inference from the evidence that water was on the floor at the store's entrance for a sufficient time to permit its discovery by Defendant prior to the accident.  It had been raining and drizzling during the day, a number of people had entered the store before Plaintiff fell at 1:30 p.m., and no one entered the store just ahead of Plaintiff.  It is a reasonable inference that other customers and/or employees had tracked water into the store during the hours before Plaintiff fell.  A jury question exists as to whether Defendant created the dangerous condition(s) or had constructive notice thereof.

## II.        A JURY QUESTION EXISTS AS TO WHETHER A DANGEROUS CONDITION WAS OPEN AND OBVIOUS.

Defendant argues that Plaintiff "admits contributing to the hazard by pushing the door open and having the rug curl up, then observing the floor to be wet, all which occurred before she fell." (Def.'s Br. 13.)  This is a misstatement of the evidence, particularly when it is viewed in the light most favorable to Plaintiff.

First, Plaintiff did not testify that she caused the rug to curl up.  She testified that when she pushed on the door "it had stopped on me and came back at me.  And then I noticed the rug was crumpled or curled up."  (Pl.'s Dep. 45:22-24.)  A jury could reasonably infer that the rug was already curled up before Plaintiff pushed on the door, and that the curled rug caused the door to press back toward Plaintiff.

Second, Plaintiff did not observe water at the place where she stepped until after she fell. She testified that she saw water on one side of the rug before she fell, but not on the other side, and that she avoided stepping on the noticeably wet side in the belief that the other side was not wet.  (Pl.'s Dep. 53:16-54:15, 55:3-23, 56:2-23.)  Since Plaintiff looked down at the rug and did not see water at the point where she fell, a jury is entitled to conclude that the fall occurred at a point where the water was not open and obvious.  Defendant has presented no evidence to suggest that the water was not clear and transparent.

Defendant argues that the present case is similar to *Ramseur v. United States*, 587 F. Supp. 2d 672 (D. Md. 2007), *aff'd*, 283 F. App'x 998 (4th Cir. 2008).  (Def.'s Br. 13.)  On the contrary, *Ramseur*'s facts are readily distinguishable.  In that case, the plaintiff fell when the

heel of one of her high-heeled shoes was caught in one of the perforation holes in a mat inside a post office.  The mat was "large" and "in the middle" of a conference room.  *Id.* at 675, 680.  The room was well lit, but the plaintiff did not look down when she entered the room.  *Id.* at 683.  The plaintiff "conceded, if she had looked down . . . she would have seen the perforated mat."  *Id.*  In the present case, Plaintiff did look down but did not see the water on one side of the rug.  Just as a thin sheet of ice may not be visible as a matter of law, *Menish v. Polinger Co.*, 277 Md. 553, 564, 356 A.2d 233, 239 (1976), water is not always open and obvious as a matter of law.  A jury must decide the issue in the present case.

**III.     A JURY QUESTION EXISTS AS TO WHETHER PLAINTIFF'S CLAIM IS BARRED BY ASSUMPTION OF RISK.**

In order to establish the defense of assumption of risk, a defendant must prove that the plaintiff "(1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger."  *Piquette v. Stevens*, 128 Md. App. 590, 599, 739 A.2d 905, 910 (1999).  Whether a plaintiff assumed the risk is ordinarily a question for the trier of fact. *Id.*

In the present case, Defendant has offered no proof that the water on which Plaintiff slipped was visible to Plaintiff upon a reasonable inspection.  Plaintiff conducted a reasonable inspection by looking down at the floor before proceeding forward, and she saw water only on one side of the rug.  She avoided walking on that side of the rug.

Moreover, even if it could be said that all of the water on both sides of the rug must have been known to Plaintiff, assumption of risk does not bar recovery "where the conduct of the defendant has left him no reasonable alternative." *Crews v. Hollenbach*, 358 Md. 627, 645, 751 A.2d 481, 490 (2000). In this case, the photographs indicate that only one entrance was available to Plaintiff for entry into the store. If she wanted to shop inside, she had no reasonable alternative but to walk across the rug and the wet area. In *Maryland State Fair & Agricultural Society, Inc.*, 29 Md. App. 374, 348 A.2d 44 (1975), the court stated:

> "(I)n the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. . . . But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true . . . where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough."

*Id.* at 384, 348 A.2d at 51 (quoting *Finzel v. Mazzarella*, 248 Md. 227, 230, 235 A.2d 726, 728 (1967)).

A jury question exists as to whether Plaintiff assumed the risk in this case.

## IV. A JURY QUESTION EXISTS AS TO WHETHER PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT.

Defendant argues that "Plaintiff failed to avoid conditions she states were plainly visible." (Def.'s Br. 15.) That is not an accurate rendition of Plaintiff's testimony. She

expressly testified that she did not see water in the area where she fell; she saw water only on another side of the rug.  (Pl.'s Dep. 53:19-23, 54:1-9, 55:18-21.)

Contributory negligence cannot bar recovery unless dangers are "so obvious that any ordinarily prudent and cautious person would see and avoid them."  *Robertson v. Shell Oil Co.*, 34 Md. App. 399, 405, 367 A.2d 962, 966 (1977).  In *Union Memorial Hospital v. Dorsey*, 125 Md. App. 275, 724 A.2d 1272 (1999), the court observed:

> whether the plaintiff was contributorily negligent as a matter of law,
>
>> "must be considered in the light of all the inferences favorable to the plaintiff's case that may be fairly deduced from the evidence. Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or more than one inference may be reasonably drawn therefrom, the question should be submitted to the jury. In order that a case may be withdrawn from the jury on the ground of contributory negligence, the *evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds.*"
>
> *Menish*, 277 Md. at 563, 356 A.2d 233 (quoting *Reiser v. Abramson*, 264 Md. 372, 377-78, 286 A.2d 91 (1972)) (emphasis added).

*Id.* at 283, 724 A.2d at 1276.

Just as ice is not always visible as a matter of law, *Menish*, 277 Md. at 564, 356 A.2d at 239, water on a floor is not always visible.  In the *Dorsey* case, the court ruled that contributory negligence was an issue of fact for the jury, even though the plaintiff knew before falling that she was walking in an area where the floor was littered with leaking trash bags, cole slaw, and potato salad.  Instead of blindly walking through the area, the plaintiff in *Dorsey* tried to clear a safe path through the debris.  125 Md. App. at 286, 724 A.2d at 1277.  Similarly, in the present

case, Plaintiff tried to avoid falling by walking in an area that was away from water that she saw. She did not knowingly walk on a wet floor. Furthermore, one may not be contributorily negligent if a defendant has left her no reasonable alternative and she knowingly but reasonably chooses to expose herself to a risk. *Sacks v. Pleasant*, 253 Md. 40, 47, 251 A.2d 858, 863 (1969). A jury question exists as to whether Plaintiff exercised reasonable care for her safety under the circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to deny Defendant's motion for summary judgment and to grant such other relief as may be just and proper.

Respectfully submitted this 26th day of October 2012.

_____
Ronald S. Kowitz No. 09836
Law Office of Ronald S. Kowitz
44 Westminster Road
Reisterstown, MD 21136
Telephone: (410) 526-0050
Facsimile: (410) 526-1445
Email: rkowitz@aol.com
Attorney for Plaintiff Vivian Fortini

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **VIVIAN FORTINI** | * | **CASE NO. PWG-12-0309** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **ADVANCE STORES COMPANY, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October 2012, I electronically filed and served the following documents with the Clerk of Court using the CM/ECF system:
Plaintiff's Response to Defendant's Motion For Summary Judgment
Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment

which system sent electronic notification to the following:

J. Christopher Nosher        and        Leslie A. Gelhar (*Pro Hac Vice*)
Cheryl L. Hitzel                                Donna Law Firm, P.C.
Setliff & Holland                              Suite 350
Suite 265                                          7601 France Avenue South
One Park Place                                 Minneapolis, MN 55435
Annapolis, MD 21401
            Attorneys for Defendant Advance Stores Company, Inc.

I further certify that I served the above-listed documents by U.S. mail, postage prepaid, to Judge Paul Grimm; J. Christopher Nosher, Esquire; Cheryl L. Hitzel, Esquire; and Leslie A. Gelhar, Esquire.

_____
Ronald S. Kowitz No. 09836