**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | |
|---|---|
| | * |
| VIVIAN FORTINI, | |
| | * |
| Plaintiff, | |
| | * |
| v. | Civil Case No.: PWG-12-0309 |
| | * |
| ADVANCE STORES CO., | |
| | * |
| Defendant. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

This Memorandum and Order addresses the Motion for Summary Judgment that Defendant Advance Stores Co. ("Advance") filed, ECF No. 24; Plaintiff Vivian Fortini's Response to Defendant's Motion for Summary Judgment, ECF No. 27; and Defendant's Reply, ECF No. 31. I find that a hearing is unnecessary in this case. *See* D. Md. Loc. R. 105.6. For the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED. This Memorandum and Order disposes of ECF Nos. 24, 27 and 31.

Preliminarily, this Court notes that Plaintiff's Response, like her Amended Complaint, is unsigned. Plaintiff's Counsel is directed to sign the papers and file them again within fourteen (14) days and to sign all future filings. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Failure to do so will result in their being stricken.

## I.   BACKGROUND

On the afternoon of March 6, 2011, Plaintiff attempted to enter Defendant's Advanced Auto Store ("the Store") in Reisterstown, Maryland.[1]   Def.'s Mot. 8; Pl.'s Resp. 2–3.   It had been raining and drizzling that day, and it was drizzling when Plaintiff reached the front entrance to the Store.   Def.'s Mot. 8; Pl.'s Resp. 3.   Plaintiff had to push the door twice to open it, because the floor mat inside the door "was crumpled or curled up."   Pl.'s Dep. 45:22–23, Def.'s Mot. Ex. 3, ECF No. 24-4.   It is unclear whether the mat crumpled when Plaintiff pushed the door, or whether it already was crumpled.   *Id.*; Def.'s Mot. 8; Pl.'s Resp. 8.   Other customers already were inside the Store, but there were no customers in front of Plaintiff as she entered.   Pl.'s Dep. 44:19 – 45:4.   She noticed water on the floor to one side of the mat and therefore stepped instead "on the flat part" of the mat, beyond the crumpled part, where she "didn't see [water] at the time" and "didn't think there was any."   Pl.'s Dep. 53:20 – 54:2; 56:23.   Plaintiff slipped and fell in the water and injured herself.   Pl.'s Resp. 2–3; Def.'s Mot. 8–9.   She brought a premises liability action against Defendant, claiming negligence.   *See* Pl.'s Am. Compl. 2, ECF No. 17.

## II.   DISCUSSION

Summary judgment is properly granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine

---

[1] In reviewing the evidence related a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party.   *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004).

dispute exists as to material facts.  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th

Cir. 1987).  If the moving party demonstrates that there is no evidence to support the non-moving

party's case, the burden shifts to the non-moving party to identify specific facts showing that

there is a genuine issue for trial.  To satisfy this burden, the non-moving party "must produce

competent evidence on each element of his or her claim."  *Miskin v. Baxter Healthcare Corp.*,

107 F. Supp. 2d 669, 671 (D. Md. 1999).  Although the Court "must draw all reasonable

inferences in favor of the non-moving party," that party "may not create a genuine issue of

material fact through mere speculation, or building one inference upon another."  *Id.*; *see*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Runnenbaum v. NationsBank*, 123

F.3d 156, 163 (4th Cir. 1997).  Indeed, the existence of only a "scintilla of evidence" is not

enough to defeat summary judgment.  *Anderson*, 477 U.S. at 251.  Instead, the admissible

evidentiary materials submitted must show facts from which the finder of fact could reasonably

find in favor of the non-moving party. *Id.*

To succeed in her negligence claim based on premises liability, Plaintiff must show, *inter*

*alia*, that "a dangerous condition existed on [Defendant's] premises," and that Defendant had

actual or constructive knowledge of the danger and sufficient time to remedy the danger.

*McCrae v. Shoppers Food Warehouse Corp.*, No. BPG-11-1368, 2012 WL 2512774, at *3–5 (D.

Md. Jun. 27, 2012); *see Maans v. Giant of Md., L.L.C.*, 871 A.2d 627, 629 (Md. Ct. Spec. App.

2005).  Defendant argues that summary judgment is appropriate because Advance "did not have

sufficient notice of the alleged mat curling that occurred immediately prior to her fall, or of the

alleged wetness near the mat."  Def.'s Mot. 12.  Plaintiff counters that a jury could draw two

reasonable inferences from the evidence: (1) "that Defendant's employees placed the rug too

close to the front doors, so that the rug would be in a position to become crumpled when the door

was opened," Pl.'s Resp. 4, and (2) "that water was on the floor at the store's entrance for a sufficient time to permit its discovery by Defendant prior to the accident," *id.* at 5.

It is undisputed that it had been raining or drizzling throughout the day before Plaintiff entered the Store in the early afternoon and that other customers entered the Store before Plaintiff. Therefore, a reasonable jury could infer that water accumulated near the front door as customers entered and exited the Store. Moreover, a reasonable jury could infer that the hours of precipitation and the presence of customers in the Store put Advance on notice that water could be accumulating and provided Advance with time to inspect the front entrance and dry the floor or post warning signs. Therefore, summary judgment is not appropriate on this ground.

Alternatively, Defendant argues that summary judgment is appropriate because the "open and obvious hazard defense" applies in this case, based on the facts that "Plaintiff actually did look and saw both the fact that the rug was curled[] and that the floor around it was wet." Def.'s Mot. 14. Plaintiff argues that, although "she saw water on one side of the rug before she fell," she "did not observe water at the place where she stepped until after she fell, and that "she avoided stepping on the noticeably wet side in the belief that the other side was not wet," having "looked down at the rug and … not see[n] water at the point where she fell." Pl.'s Resp. 6. In Defendant's view, "a reasonable person should have known the entire area in and around where Plaintiff fell was a potential hazard." Def.'s Reply 4.

A hazard is "open and obvious" when "'the condition and risk are apparent to and would be recognized by a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment.'" *Coleman v. United States*, 369 Fed. App'x 459, 462 (4th Cir. 2010) (quoting 65A C.J.S. *Negligence* § 639 (West 2009)). Typically, whether a hazard is "open and obvious" is a jury question. *C & M Builders, LLC v. Strub*, 22 A.3d 867, 885 (Md. 2011) ("'In

the usual case, [plaintiff's] knowledge and appreciation of the danger will be a question for the jury; but where it is clear that any person in his position must have understood the danger, the issue may be decided by the court.'") (citation omitted).  The Maryland appellate courts have not addressed whether standing water on a floor is, as a matter of law, an open and obvious danger. The Fourth Circuit has held that "it is reasonable to hold that [a] plaintiff should have been on the look out for a wet floor immediately inside the front of the store when it had been raining all day," as "[p]atrons in a store are not allowed to be oblivious to the state of their environment." *Newcomb v. Food Lion*, 94 F.3d 642 (Table), 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (unpublished).

Here, Plaintiff was aware of the rainy conditions, the possibility of a wet floor, and the existing puddle on one side of the mat.  Indeed, she testified that she intentionally stepped away from the puddle, to where she did not see water on the floor.  Thus, whether the water on the floor where Plaintiff *did step* was open and obvious is a question that largely will turn on a credibility determination.  Therefore it is a matter for the jury to determine, and a reasonable jury could conclude that, despite the precipitation and the puddle on one side of the mat, it was not obvious that the floor on the other side of the mat was wet as well.  *See Shiflett v. M. Timberlake, Inc.*, 137 S.E.2d 908, 912 (Va. 1964) (concluding that, under circumstances in which plaintiff slipped and fell on wet floor and later testified that she "could see nothing on the floor," it was "for the jury" to determine "[w]hether the situation was so open, obvious and patent to the plaintiff that in the exercise of ordinary care she should have observed it").  Summary judgment is not appropriate on this ground.

Defendant also contends that Plaintiff "assumed the risk of injury" when she "voluntarily chose to cross" the entryway when she "was actually aware of the entryway rug being curled up,

and that the floor around it was wet." Def.'s Mot. 14. Additionally, Defendant insists that Plaintiff was contributorily negligent because she "failed to avoid conditions she states were plainly visible, and she may have herself created." *Id*. at 15. Noting that assumption of risk and contributory negligence both bar a plaintiff from recovering in a negligence action under Maryland law, *see Warsham v. James Muscatello, Inc.*, 985 A.2d 156, 167 (Md. Ct. Spec. App. 2009); *Kassama v. Magat*, 767 A.2d 348, 359 (Md. Ct. Spec. App. 2001), Defendant argues that summary judgment is appropriate because Plaintiff assumed the risk and was contributorily negligent. Def.'s Mot. 14–15. Plaintiff counters that "Plaintiff conducted a reasonable inspection by looking down at the floor before proceeding forward, and she saw water only on one side of the rug," where she "avoided walking." Pl.'s Resp. 7. She insists that "water on a floor is not always visible," and that "[s]he did not knowingly walk on a wet floor." *Id.* at 9–10. Plaintiff alternatively argues that "defendant . . . left her no reasonable alternative," such that "she knowingly but reasonably cho[se] to expose herself to a risk." *Id.* at 10.

Both assumption of risk and contributory negligence require that Plaintiff was aware of the water creating a dangerous condition where she chose to step. *See Warsham*, 985 A.2d at 167 ("The assumption of the risk doctrine 'is grounded on the theory that a plaintiff who voluntarily consents, either expressly or impliedly, to exposure to a *known risk* cannot later sue for damages incurred from exposure to that risk.'") (emphasis added) (citation omitted); *Kassama*, 767 A.2d at 359 ("Contributory negligence is that degree of reasonable and ordinary care that a plaintiff fails to undertake in the face of an *appreciable risk* which cooperates with the defendant's negligence in bringing about the plaintiff's harm.'") (emphasis added) (citation omitted). As discussed, a reasonable jury could conclude that Plaintiff was not aware of the

water on the floor where she chose to step.   Therefore, summary judgment is no more appropriate on these grounds than based on the open and obvious doctrine.

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion for Summary Judgment is DENIED.

So ordered.


Dated: <u>December 13, 2012</u>                                            <u>        /S/        </u>
                                                                         Paul W. Grimm
                                                                         United States District Judge

lyb