**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| VIVIAN FORTINI, | * | CASE NO. TJS-12-0309 |
| Plaintiff | * | |
| vs. | * | |
| ADVANCE STORES COMPANY, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**DEFENDANT'S MOTIONS *IN LIMINE***

COMES NOW Defendant Advance Stores Company, Inc, by counsel, and hereby respectfully moves this Court for Orders *in limine* on various grounds, and in support, state as follows:

**I.**

**FIRST MOTION *IN LIMINE*:**

**PLAINTIFF'S WAGE LOSS CLAIM IS LIMITED TO $700**

Defendant moves *in limine* to exclude any wage loss claim for failure to produce documentation of the amount lost and basis for computation, other than a disclosure of an intent to seek wage losses in the amount of $700 (see Exhibit A). Defendant has properly requested disclosure of special damage information in discovery and Exhibit A is the only information provided regarding any wage loss claim or basis therefore. Exclusion of any evidence inconsistent with the special damage information previously disclosed is appropriate pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

## II.

**SECOND MOTION *IN LIMINE*:
UNDISCLOSED EXPERT WITNESSES OR
EVIDENCE BEYOND THE SCOPE OF EXPERT REPORTS**

Plaintiff produced medical records, or releases for the same, in response to Defendant's Interrogatories and Document Requests. No expert witnesses have been identified. Defendant believes plaintiff intends to rely on her medical records and/or treating medical personnel for evidence concerning her damage claims.

Defendant moves *in limine* that Plaintiff's counsel should not be allowed to elicit or attempt to elicit testimony of Plaintiff's experts, or introduce medical evidence, which is inconsistent with or exceeds the fair scope of the expert reports and/or discovery responses produced to date in the course of discovery. Defendants also move that Plaintiff be barred from calling any person as an expert witness who was not identified in response to Defendant's interrogatories requesting identification of expert witnesses.

Trial testimony of Plaintiff's experts must not be inconsistent with or exceed the fair scope of any report and/or expert disclosure produced by Plaintiff to date in the course of discovery. Also, Plaintiff should not be permitted to call any person as an expert witness who was not identified in response to Defendant's interrogatories, or otherwise pursuant to Rule 26 disclosure requirements:

> Rule 26(a)(2)(A) is clear: its disclosure requirement applies to "any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 702, in turn, provides in relevant part that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." This encompasses a treating physician's diagnoses, prognoses, or other conclusions as to the patient's condition, because those are examples of the physician's "specialized knowledge"— indeed, it is to take advantage of that specialized knowledge that laypeople ordinarily

seek the advice of physicians and other medical professionals. So this court takes the view that, when the parties have not agreed otherwise, a treating physician may not testify to such matters unless he or she has been disclosed under Rule 26(a)(2)(A). *Aumand v. Dartmouth Hitchcock Medical Center,* 611 F.Supp.2d 78, 88, 73 Fed.R.Serv.3d 588, 79 Fed. R. Evid. Serv. 613 (DNH 2009).

## III.

## THIRD MOTION *IN LIMINE*:

## UNDISCLOSED MEDICAL SPECIAL DAMAGE CLAIMS

Plaintiff has produced no medical report addressing the cost, causation and/or necessity for any future medical treatment.

Defendant will therefore move *in limine* that Plaintiff, Plaintiff's counsel and all witnesses be barred from eliciting or making any remarks, inferences, innuendo or asking any questions or eliciting any testimony of any nature regarding any future medical treatment not disclosed in any expert report, and/or other speculative damages. Evidence as to future medical treatment must be given through competent medical testimony and there must be some evidence of the probable nature and cost of future treatment. Exclusion of any evidence inconsistent with the special damage information previously disclosed is appropriate pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

## IV.

## FOURTH MOTION *IN LIMINE*:

## EVIDENCE OF INSURANCE

Defendant will move *in limine* that Plaintiff, Plaintiff's counsel and all witnesses be barred from eliciting or making any remarks, inferences, innuendo, asking any questions or eliciting any testimony of any nature which may inform or infer to the jury that Defendants held

insurance of any kind on the date of the occurrence alleged in Plaintiff's complaint or at any other time. Evidence of insurance, or speculation regarding the same is inadmissible pursuant to FRE 411, 402 or 403.

## V.

## FIFTH MOTION *IN LIMINE*:

## DEFENDANT'S SIZE, FINANCIAL CONDITION OR LOCATION

Defendant will move *in limine* that Plaintiff, Plaintiff's counsel and all witnesses be barred from eliciting or making any remarks, inferences, innuendo or asking questions or eliciting any testimony of any nature regarding Defendant's size, financial condition, the location of its principal place of business, and/or the address of its counsel. Such information is irrelevant, can only serve to unreasonably prejudice the Defendants and is inadmissible. FRE 402 and 403.

## VI.

## SIXTH MOTION *IN LIMINE*:

## HEARSAY REGARDING CAUSE OF FALL

Certain medical records or medical reports may contain statements by plaintiff concerning the *cause* of her fall, information which is separate and distinct from that necessary for purposes of diagnosis and treatment recognized as an exception to the hearsay rules. Out-of-court statements concerning the cause of plaintiff's fall, including statements that might appear in medical records are inadmissible hearsay.

Hearsay is an out-of-court statement used to prove the truth of the matter asserted in the statement, and hearsay is generally inadmissible. F.R.E. 801 and 802. Testimony about what someone said about the cause of plaintiff's fall is classic hearsay. Moreover, this Court has discretion to exclude evidence if its potential relevance is substantially outweighed by the danger

of confusion, misleading the jury, wasting time, or unfair prejudice. F.R.E. 403. Admission of such hearsay testimony would certainly cause defendant unfair prejudice, and exclusion pursuant to F.R.E. 403 (in addition to hearsay) is appropriate.

Dated: January 8, 2014                                    Respectfully submitted,

        /s/ Cheryl L. Hitzel
J. Christopher Nosher (No. 28825)
Cheryl L. Hitzel (No. 29349)
SETLIFF & HOLLAND, P.C.
One Park Place, Suite 265
Annapolis, Maryland 21401
(443) 837-6800
cnosher@setliffholland.com
chitzel@setliffholland.com

and

Les A. Gelhar (*pro hac vice*)
DONNA LAW FIRM, P.C.
7601 France Avenue South
Suite 350
Minneapolis, MN 55435
(952) 562-2460

**ATTORNEYS FOR DEFENDANT,**
 **Advance Stores Company, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| VIVIAN FORTINI, | * | CASE NO. TJS-12-0309 |
| Plaintiff | * | |
| vs. | * | |
| ADVANCE STORES COMPANY, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 8th day of January, 2014, a copy of Defendant's Motions in Limine was sent via electronic filing, and was sent via First Class mail addressed to:

> Ronald S. Kowitz
> Law Office of Ronald S. Kowitz
> 44 Westminster Road
> Reisterstown, MD 21136
>
> *Counsel for Plaintiff*

          /s/ Cheryl L. Hitzel
         J. Christopher Nosher (No. 28825)
         Cheryl L. Hitzel (No. 29349)
         SETLIFF & HOLLAND, P.C.
         One Park Place, Suite 265
         Annapolis, Maryland 21401
         (443) 837-6800
         cnosher@setliffholland.com
         chitzel@setliffholland.com